John Henry Dupree, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

410 S.W.2d 890.

(*Jackson*, April Term, 1966.)

Opinion filed January 6, 1967

Abraham L. Roberts, Memphis, for plaintiff in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, Nashville, for defendant in error. Phil M. Canale, Jr., District Attorney General, 15th Judicial Circuit, and Jewett H. Miller, Assistant District Attorney General, Memphis, prosecuted the case for the State in the trial court.

Mr. Special Justice William J. Harbison delivered the opinion of the Court.

Plaintiff in error, John Hery Dupree, was convicted for an assault and battery with intent to commit rape, and was sentenced to serve not more than ten years in the State Penitentiary. He was convicted in the Criminal Court of Shelby County, Tennessee, after trial on November 4 and 5, 1965.

The prosecuting witness, Lavonne Biggs, testified that an unidentified Negro man entered her home at about 3:30 o'clock, A.M., on December 13, 1964, and after threatening her and her children, forced her to get out of bed and go to another room with him, where he endeavored to have sexual relations with her. The prosecuting witness gave several versions of the incident, and at one point told one police officer that the unidentified man did have sexual relations with her. She told another officer that she was not certain whether the assailant accomplished his purpose or not. She was taken to the John Gaston Hospital at about 5:00 o'clock, A.M., on December 13, 1964, but there is no evidence in the record concerning any examination or findings at the hospital. The prosecuting witness was unable to identify plaintiff

in error when he and others were shown to her in a police line-up on December 28, 1964.

On July 7, 1965, some six months later, the prosecuting witness was again shown plaintiff in error and others in a police line-up and at that time she did identify him, primarily upon the basis of the sound of his voice. There is conflicting testimony as to whether the prosecuting witness did or did not positively identify plaintiff in error at his preliminary hearing.

There is conflicting testimony in the record as to whether or not plaintiff in error, an eighteen-year-old Negro boy, did or did not voluntarily make a confession of guilt of the charge against him. After a full hearing on this question, the trial judge found that the confession was freely and voluntarily made, and admitted it into evidence.

There are numerous assignments of error made, but in view of the disposition which we find it necessary to make of this case, we do not believe it appropriate for us to comment on any of them except the one hereinafter discussed.

During the final argument of this case, one of the attorneys representing plaintiff in error made an impassioned plea to the jury, pointing out various discrepancies in the testimony of the prosecuting witness. He then made the following statement:

I'll tell you this, because I think you should know, if I thought that he was guilty of what they had him charged with, you would never have seen my name on that jacket. You would never have seen my name on that jacket, because I just don't go for that and I am

as much against it as anything. And, there is one thing that I have never done, is represent a person that I thought had committed a crime like this.

■ The record fails to reflect that the District Attorney General objected to this argument. Clearly this line of argument was highly improper, and was in plain violation of the Canons of Professional Ethics.

Canon 15, of the Canons of Professional Ethics, among other things, expressly provides:

It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause.

Clearly counsel for plaintiff in error violated this Canon in the foregoing argument, and would have been subject to proper reprimand by the trial judge had an objection been made. The argument quoted above falls far below the standards required of attorneys practicing law in this State, and injected into the case a wholly irrelevant question—that is, the personal belief of counsel for plaintiff in error regarding the innocence of his client. Undoubtedly, the argument engendered a considerable degree of indignation in the Assistant District Attorney General.

Two wrongs, however, never make a right. In rebuttal argument the Assistant District Attorney General, according to the record before us, made the following statement:

[Counsel] said, gentlemen that your conscience would bother you, but gentlemen—all 3 of these men [referring to the three attorneys representing plaintiff in error] have come into this Court room in the face of

the Canons of ethics and told you they believe that their man is innocent—telling you what their personal beliefs are and such statements are against the Canons of ethics and which in their hearts they know is a lie. It is a flagrant violation. Are they going to tell you what their personal beliefs are? And I don't believe that they sincerely believe those beliefs that they have expressed to you. I think they've gotten up here before you and made a statement, which statement is against the Canons of Ethics and which in their heart is a lie.''

Improper and inappropriate as the argument of counsel for plaintiff in error had been, certainly the argument of the Assistant District Attorney General was even more improper, and, in our opinion, must result in a reversal of this case and a remand for a new trial.

An objection was made by counsel for plaintiff in error to the remarks of the Assistant District Attorney General, but the trial judge did not sustain the objection, or instruct the jury to disregard the remarks insofar as the record before us discloses.

The standard of conduct by a district attorney general was stated by this Court many years ago in the case of *Watkins v. State*, 140 Tenn. 1, 203 S.W. 344 (1917):

Imputation of dishonesty to adversary counsel in remarks addressed to them by the district attorney touching their conduct of the defense was an impropriety so gross that it must now appear to be such to the officials who gave the words utterance. A stern rebuke at the time should have come promptly and voluntarily from the presiding judge upon whom rested the duty to see that order and decorum marked proce-

dure in this court. It was error not to sustain objection when interposed. 140 Tenn. at 8-9, 203 S.W. at 346.

This Court has not hesitated to reverse convictions when obtained, wholly or in part, by improper and intemperate argument by a district attorney general. See *Knight v. State,* 190 Tenn. 326, 229 S.W.2d 501 (1950); *Vines v. State,* 190 Tenn. 644, 231 S.W.2d 332 (1950); *Manning v. State,* 195 Tenn. 94, 257 S.W.2d 6, 45 A.L.R. 2d 299 (1953).

■ As stated, we do not for one moment condone the conduct of counsel for plaintiff in error, which was highly reprehensible. Nevertheless, the Assistant District Attorney General is a representative of the State, and his conduct in stating that counsel for plaintiff in error were liars is wholly beyond the purview of proper argument, or the standards which can be countenanced in a court in this State.

The judgment of the trial court is reversed and this case remanded for a new trial. Reversed and remanded.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.