Perry A. CHAPDELAINE, Appellant,

v.

Henry W. HAILE, II, Appellee.

Supreme Court of Tennessee.

March 28, 1977.

Perry A. Chapdelaine in pro per.

John E. Buffaloe, Jr., Nashville, for appellee.

## OPINION

COOPER, Chief Justice.

This is an appeal from an order entered in the Circuit Court of Davidson County dismissing a petition filed by Perry Chapdelaine in an effort to have the court discipline Henry W. Haile, II, an attorney licensed to practice law in Tennessee.

Mr. Chapdelaine filed a Petition for Disbarment or Disciplinary Action levelling numerous charges of professional misconduct against Henry W. Haile, an attorney, and asked the court:

"1. On the Jury finding Defendant guilty, on one or more points as charged, herein and in other cases as the Court directs its inquiry, that the Defendant be recommended for summary disbarment and/or disciplined according to the measure of the Court's findings. Defendant to be suspended during the interim.

"2. That the Court direct the Defendant to make such other restitution and recompense as necessary, feasible, and appropriate, according to the Jury's inquiry and the Court's findings."

Mr. Chapdelaine did not have professional assistance in writing the petition; consequently, it is an unusual amalgam of allegations, evidence, argument, conclusions, legal principles and citations to legal authorities, and references. The net effect of the amalgam is to make a simple issue complicated. If such a petition had been filed by one learned in the law, undoubtedly it would have been summarily dismissed, or so much of the petition would have been stricken that it would have been necessary for Mr. Chapdelaine to begin the action anew.

Shortly after the petition was filed, it was brought to the trial judge's attention by way of a motion, that Mr. Chapdelaine had filed a complaint against Mr. Haile with the Nashville Bar Association and that the Association then was investigating the

charges. On August 5, 1975, an order was entered in the circuit court continuing the case indefinitely. *Cf.* 29–309.[1]

In January, 1976, Mr. Chapdelaine filed a motion asking the circuit court to take the case off the indefinite docket in view of the fact that the Nashville Bar Association had not filed a report showing the results of its investigation of the charges against Mr. Haile. The trial judge granted the motion and, at the same time, appointed counsel to assist Mr. Chapdelaine. (Shortly thereafter, the Nashville Bar Association reported that it "found no merit to the disbarment proceeding filed in this case against Henry Haile.")

In March, 1976, counsel was permitted to withdraw as counsel of record for Mr. Chapdelaine on the strength of his representation, by motion, that he had discussed with Mr. Chapdelaine at length the merits of the case and had failed to reach a satisfactory agreement with him and that Mr. Chapdelaine had expressed his preference for other counsel.

The trial judge then recused himself, and the Honorable John H. Henderson was designated to hear the complaint of Mr. Chapdelaine to its conclusion.

On hearing the complaint on representations of Mr. Chapdelaine and counsel for Mr. Haile and the entire record, Judge Henderson concluded:

"1. That the proceedings herein were stayed pending an investigation of the Defendant's conduct by the Nashville Bar Association but that prior to the date of that report in February, 1976, the Plaintiff moved for, and was granted, permission to recall said investigation from the Nashville Bar Association and no other investigation has been conducted; therefore, the case stands as filed before that investigation was ever started.

"2. That counsel should not be appointed for the Plaintiff, his having refused the services of a highly reputable member of the Nashville Bar.

"3. That the general allegations filed under the protection of the pauper's oath are not sufficient to justify any suspension of the Defendant.

"4. That any further investigation of this matter should proceed in accordance with Rule 42, Rules of the Supreme Court of Tennessee.

"5. That the present case being strictly a private charge, the Motion to Dismiss heretofore filed by the Defendant should be granted.

"6. That the Plaintiff's demand for a jury and personal restitution be stricken and that the allegations of the petition alleging acts in which the Plaintiff is not the 'individually aggrieved party' should be stricken."

Appellant appealed, taking issue with the trial judge's finding that (1) further investigation of this matter should proceed in accordance with Rule 42 of the Supreme Court; (2) that the present case being strictly a private charge, Motion to Dismiss by defendant should be granted; (3) that the plaintiff's demand for a jury and personal restitution be stricken and that the allegations of the petition alleging acts in which the plaintiff is not the "individually aggrieved party" should be stricken; and (4) that counsel should not be appointed for the plaintiff.

It is conceded by all parties that Supreme Court Rule 42 is not intended to supplant T.C.A. § 29–309 (Disciplinary Proceedings) but intended to provide an additional, orderly, and, we think, more efficient method of investigating complaints against attorneys and imposing sanctions on those attorneys found to be guilty of unethical practices. Under Rule 42, the person making the complaint against an attorney admitted to the Bar of Tennessee is not faced with the onerous task of drawing an

1. T.C.A. § 29–309 provides, among other things, for the appointment of a special master to conduct an investigation in those cases where charges are preferred by an individual and there has not been a preliminary investigation of the charges by either the state or local bar association or by commissioner appointed under the supreme court rules.

adequate complaint, nor in monitoring the progress of the case through the court system as he is under T.C.A. § 29–309. To the contrary, Rule 42 places at the complaining party's disposal trained investigators and counsel, competent to investigate and prosecute the charges against the attorney. But despite the obvious advantages to prosecuting a complaint against an attorney under Rule 42, the individual aggrieved has the option of proceeding under T.C.A. § 29–309.

█ We also agree with appellant that there is no basis for characterizing the charges in this case as strictly private charges and to dismiss the complaint on that basis. If, as suggested in the briefs, the complaint is a "private charge" since it was not investigated by commissioners appointed under the Supreme Court rules or the state or the local bar association, the lack of such an investigation should not be charged to appellant since the duty to order the investigation rests on the trial judge. *See* T.C.A. § 29–309.

█ In taking umbrage with the trial judge's order that appellant's demand for a jury and personal restitution be stricken, appellant does so on the basis that he had conceded that "there is no demand for jury or personal restitution in a monetary sense" and that findings on the issue are "moot and irrelevant." Under these circumstances, it was not error for the trial judge to order the pleadings be made to conform with the concession of appellant.

█ Appellant also contends that the finding by the trial judge ·that "counsel should not be appointed for appellant, his having refused the services of a highly reputable member of the Nashville Bar" was evidence of distortion and bias and that, in any event, the issue "is moot, irrelevant, and immaterial." We see no basic bias in the court's finding on the issue, nor can there be error in view of appellant's concession that the issue is moot, irrelevant, and immaterial.

█ We have commented on these assignments of error relied on by appellant, though none of them are material to the disposition of this case on appeal. We note that, in addition to the findings complained of, the trial judge found that the general allegations in the complaint "are not sufficient to justify any suspension of the Defendant," which is the lesser of the punishments sought by appellant against Mr. Haile. In the face of this finding, which is not contested in this court, we have no alternative but to affirm the order of the trial judge dismissing the complaint.

We note also that appellant complains in his brief that his "experience in applying T.C.A. § 29–309 has been one of frustration through judicial neglect of legislative intent, disenchantment with self-serving maneuvers of the Nashville Bar Association, and dismay at the general tone of the memorandum written by the lower court, which seems to attack simply the form of [appellant's] complaint while ignoring not only substance, but the possibility of substance."

█ We think it apparent from the technical record and from the briefs filed by appellant that much, if not all, of appellant's frustration, disenchantment, and dismay must be attributed to his lack of legal training and to the fact that he elected to proceed under T.C.A. § 29–309 rather than Rule 42 of the Supreme Court, where investigators and counsel would be available to aid him in prosecuting his complaint against Mr. Haile. Having chosen to proceed under T.C.A. § 29–309, appellant is required to file a complaint, in reasonable compliance with the rules of pleading, which contains allegations that support the relief sought. This requirement is more than form.

The order dismissing the complaint is affirmed.

FONES, HENRY, BROCK and HARBISON, JJ., concur.