Robert L. TAYLOR

v.

TENNESSEE STATE DEMOCRATIC
EXECUTIVE COMMITTEE, etc.,
and William H. D. Fones, et al.

Supreme Court of Tennessee.

July 10, 1978.
Rehearing Denied Dec. 21, 1978.

Fyke Farmer, Nashville, for appellant.

J. O. Bass, Frank C. Gorrell, Bass, Berry
& Sims, George E. Barrett, Barrett, Brandt
& Barrett, Robert H. Roberts, Advocate
Gen., Nashville, J. Alan Hanover, Hanover,
Walsh, Barnes & Jalenak, Thomas R. Prew-
itt, Memphis, for appellees.

OPINION

JOSEPH O. FULLER, Special Chief Jus-
tice.

There are two cases before the Court
which have been consolidated for purposes
of appeal. Both cases grow out of the
nomination on June 1, 1974 of the defend-
ant, William H. D. Fones, as a Democratic
candidate for Justice of the Supreme Court.
Although Fones was the only nominee
named as a defendant in these suits, the
allegations, of necessity, are applicable to
the four other nominees selected on that
date and subsequently elected in the gener-
al election of August 1, 1974. Because of
their interest in the outcome of these ap-
peals, the members of the Supreme Court
recused themselves and, pursuant to Article
6, Section 11 of the Constitution of the
State of Tennessee, the present panel was

selected by the Governor of the State of Tennessee to hear and determine these matters.

Both cases involve the same parties and allege the same basic facts. The first lawsuit was filed in the Chancery Court of Davidson County on July 26, 1974 and sought to have the nomination of William H. D. Fones as a Democratic candidate for Justice of the Supreme Court declared null and void. The complaint initially alleged that the nomination of Defendant Fones had been obtained by means of a fraudulent conspiracy among certain unnamed persons, some of whom were members of the Tennessee State Democratic Executive Committee, a defendant herein.

The complaint was later amended to allege that under the rules of the State Democratic Party, the Democratic Executive Committee had no power to nominate candidates for Justice of the State Supreme Court, and that the nomination of Defendant Fones by said Committee was void.

The statutory authority by which the Committee acted is found in Tennessee Code Annotated, Section 2–1315, which provides, *inter alia,* that the Executive Committee

> "may nominate their candidates for any office other than those listed in Section 2–1314 by any method authorized under the rules of the party or by primary election under this title. Persons nominated other than by primary shall be immediately certified to the coordinator of elections by the chair[man] of the nominating body."

The complainant's amended complaint alleges that the method utilized by the Executive Committee was not authorized under the rules of the Party as required by the foregoing statute. However, it is conceded by the complainant that no appeal from this process was taken to the Democratic Primary Board.

The defendants filed motions to dismiss the complaint on various grounds. Subsequent thereto the Chancellor in a memorandum opinion granted the motions to dismiss as to all defendants, and from the order of dismissal, plaintiff appeals to this Court.

The other lawsuit was filed in the Chancery Court of Shelby County on August 12, 1974, eleven (11) days after Defendant Fones was elected by the popular vote of the citizens of this state to the judicial office for which he had been nominated. The complaint, as amended, alleged the same facts and circumstances as those in the Davidson County suit, stating however that it was brought pursuant to *Tennessee Code Annotated* Section 2–1701 as an "election contest". Again, motions to dismiss were filed by the defendants which were subsequently granted by the Chancellor, and from said ruling plaintiff has appealed.

■ Plaintiff's attack in both complaints is directed toward the nomination, not the election, of Defendant Fones. Both lawsuits contest the title to the nomination of the Democratic candidacy for Justice of the Supreme Court of Tennessee from the Western Grand Division. The chancery courts of this state do not have jurisdiction of this subject matter. At common law there existed no right to contest in the courts the title to nomination of a political party for office; and therefore no such right exists unless specifically provided by statute. 29 *C.J.S.* Elections § 148, p. 421; *Heiskell v. Ledgerwood,* 144 Tenn. 666, 234 S.W. 1001 (1921). There is no such statute in this state. T.C.A. § 2–1701 confers exclusive jurisdiction on the chancery courts for election contests, not nomination contests.

■ However, that is not to say that plaintiff was without a remedy. It is the Court's opinion that under *Tennessee Code Annotated* § 2–1704, plaintiff had a statutory right to contest the nomination, but that it was the State Primary Board of the Democratic Party, not the chancery courts, which had exclusive jurisdiction to dispose of such a contest.

It is apparent from a reading of the seventeenth chapter of the election code that the legislative intent was that intraparty squabbles over the nominating procedures are to be considered a political matter

which are to be resolved by the party itself without judicial intervention. The party machinery is much better equipped than the courts to resolve such a dispute with the speed and finality that is required to preserve the integrity of the democratic. election process.

The complaint filed in Shelby County alleges no irregularities in the general election of August 1, 1974. Likewise, there are not allegations of any constitutional disqualifications on the part of Defendant Fones. Thus, although the complaint terms itself an "election contest", it is no more than a contest of the nomination and fails to come under the purview of *Tennessee Code Annotated* § 2–1701.

This Court does not pass upon the method used by the Democratic Party in the selection of its nominees for judicial office. It does hold that, under existing Tennessee statutes, the complainant's redress, if any, rests with the State Democratic Primary Board rather than the Chancery Court.

In conclusion, it should be stated that even if the chancery courts had jurisdiction to hear plaintiff's complaints, the defendants could very well rely on the affirmative defense of laches. Plaintiff conceded in oral argument that he now primarily relies on the theory that the Executive Committee had no power to nominate candidates for the Supreme Court. Plaintiff voluntarily and quite actively participated as a candidate in the nominating process which he now alleges was an unlawful procedure. After failing to obtain his party's nomination, he chose to take no action for a period of eight (8) weeks while the nominee, the Democratic Party, and the entire election machinery of the state prepared for the general election. Plaintiff, by his own conduct created a situation where the doctrine of laches would apply.

The defendant and cross complainant Democratic Executive Committee has sought damages, fees, and its reasonable costs against the plaintiff; the Court finds no just cause for the award of damages therein.

For the reasons heretofore stated the order of dismissal in each of the cases is affirmed. The costs are taxed to the plaintiff.

R. LEE WINCHESTER, Jr., JACK M. IRION, M. WATKINS EWELL, Jr. and JOHN MORGAN, Special Justices, concur.

OPINION ON PETITION TO REHEAR

JOSEPH O. FULLER, Special Chief Justice.

A Petition to rehear has been filed by the Appellant. After careful consideration of same, the Court is of the opinion that the Petition to rehear does not meet the requirements set forth in Rule 32 of this Court. No new argument has been made, no new authority has been adduced by the Appellant, and no material fact has been overlooked by the Court. Therefore, the Petition to Rehear is denied.

R. LEE WINCHESTER, Jr., JACK M. IRION, M. WATKINS EWELL, Jr. and JOHN MORGAN, Special Justices, concur.