**Fyke FARMER, Appellant,**

v.

**BOARD OF PROFESSIONAL RESPONSIBILITY OF the SUPREME COURT of Tennessee, Appellee.**

Supreme Court of Tennessee.

Nov. 7, 1983.

Rehearing Denied Dec. 5, 1983.

Fyke Farmer, appellant, pro se.

William W. Hunt, III, Nashville, for appellee.

## OPINION

HARBISON, Justice.

After a full evidentiary hearing, a Hearing Panel found appellant guilty of violation of certain provisions of the Code of Professional Responsibility promulgated as Rule 8 of the Rules of the Supreme Court of Tennessee and containing the ethical standards relating to the practice of law and its administration. Appellant was ordered to be suspended from practice for sixty days.

It is not necessary here to delineate in detail the evidence, which is uncontradicted. Appellant was cited for scurrilous and improper language in briefs which he himself filed, the authorship of which he admitted. Probably the most serious of these violations, and one which would clearly sustain the punishment imposed, even if all of the others were disregarded, is the following material which is quoted verbatim from a supplemental brief filed by appellant in connection with an application for permission to appeal a decision of the Court of Appeals to this Court:

"Another material fact which is not fairly disputed is the fact that the Court of Appeals made an *intentionally* false finding that the draftsman of the will was 'mistakenly informed as to the financial condition of a son of the testator.' The Answer of Union Planters makes much of the fact that petitioners filed three petitions to rehear in the Court of Appeals. The object of these petitions to rehear was to move the Court of Appeals to retract the unsupported finding that Mr. Martin was mistakenly informed and the further finding that the record reflects that the misrepresentations of Mr. Martin to the testator were made in good faith in the belief that they were true and accurate. It is the very fact that three attempts were made to obtain a correction of the Court of Appeals findings—all in vain—that justifies our characterization of them as being *intentionally* false.

"THIS IS A CASE OF LIES—THE LIES TOLD TO THE TESTATOR BY MR. JOHN D. MARTIN, JR., AND THE LIES OF THE COURT OF APPEALS AND UNION PLANTERS BANK TRYING TO EXCULPATE MR. MARTIN."

In his answer to the complaint, lodged by members of the judiciary and by three private practitioners, appellant consistently insisted that his statements were true and that he was justified by the record in that case in calling a fellow practitioner and members of the Court of Appeals liars.

Further discussion is unnecessary. It has long been settled in this state that such conduct will not be countenanced in a court of law in this jurisdiction. In *Dupree v. State,* 219 Tenn. 492, 410 S.W.2d 890 (1967), this Court reversed a conviction which was otherwise supported by evidence because the District Attorney General called counsel for the defendant liars. This reversal occurred even though defense counsel had themselves been guilty of a violation of the then Cannons of Professional Ethics and had no doubt provoked the argument of the District Attorney General.

In *Ward v. University of the South,* 209 Tenn. 412, 354 S.W.2d 246 (1962), a lawyer

was sharply reprimanded for asserting in a brief that the facts "gave the lie" to findings of the trial judge.

The statements made by appellant were even more gross, disrespectful and scurrilous. He testified at the trial that he had become exasperated because the Court of Appeals would not grant any of his petitions to rehear and said:

"So I decided that I had to resort to— or I was justified in resorting to stronger tactics, more positive language to get the attention of the Court. And I did."

As stated by the Hearing Panel:

"His decision to do so was unfortunate. Not only did it precipitate these proceedings, but also its implementing language is so far beyond the pale as to justify the imposition of sanctions, as hereinafter discussed."

For these and for other derogatory and defamatory statements made about members of the judiciary in other documents related to the same case the Hearing Panel found appellant guilty of the following provisions of the Code of Professional Responsibility:

"DR 1–102(A) A lawyer shall not: . . .

(5) Engage in conduct that is prejudicial to the administration of justice."

. . . .

"DR 7–106(C) In appearing in his professional capacity before a tribunal, a lawyer shall not: . . .

(6) Engage in undignified or discourteous conduct which is degrading to a tribunal."

. . . .

"DR 8–102(B) A lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer."

The record fully sustains the findings of the Hearing Panel and the suspension which it ordered.

Appellant undertook to obtain a review of the order of the Hearing Panel by seeking a writ of certiorari in the Circuit Court of Davidson County, Tennessee. Specifically, however, in that petition, he disavowed the provisions of Rule 9 of the Rules of this Court and its provisions for review. He disclaimed those Rules as being beyond the authority of this Court to promulgate, challenged the constitutionality of the entire disciplinary system which this Court has authorized, and challenged the election of the members of this Court in 1974. The latter claim was a subject which he had already litigated twice through the courts of this state and which two special Supreme Court panels had found to be completely without merit. *See Taylor v. Tennessee State Democratic Executive Committee,* 574 S.W.2d 716 (Tenn.1978); *State ex rel. Inman v. Brock,* 622 S.W.2d 36 (Tenn.1981), *cert. denied,* 454 U.S. 941, 102 S.Ct. 477, 70 L.Ed.2d 249 (1981).

Both in the trial court and in this Court appellant also has persisted in attempting to relitigate the validity of the disciplinary rules and the procedures prescribed therein, despite the fact that they have repeatedly been held valid both by this Court and by the federal courts. *See Barger v. Brock,* 535 S.W.2d 337 (Tenn.1976); *State ex rel. Carden v. Fones,* 539 S.W.2d 810 (Tenn. 1976); *Ex parte Chattanooga Bar Assoc.,* 566 S.W.2d 880 (Tenn.1978); *Ables v. Fones,* 587 F.2d 850 (6th Cir.1978).

In his petition to the trial court appellant never alleged that the findings of the hearing panel were not based on sufficient evidence or that the punishment was not justified, except that he insisted that his accusations against the judges and Mr. Martin were true and that he was justified in making them.

After examining the petition before him and the supporting record the trial judge dismissed the petition, since it did not comply with or properly seek review in accordance with Rule 9 of the Rules of this Court.

There is a serious question whether appellant has properly brought an appeal to this Court. He first appealed to the Tennessee Court of Appeals. That Court doubted that it had jurisdiction but referred the matter to the trial judge who then dismissed the original appeal. Appellant then sought to appeal, again to the Court of

Appeals,[1] from the order dismissing the original appeal.[2] This is the only appeal presently pending, and it is questionable whether the appeal is timely or properly taken.

Nevertheless, disregarding that subject for the moment, it is apparent from appellant's brief that there is no issue presented which would entitle him to relief from the judgment of the Hearing Panel. He presents four questions, all challenging the authority of this Court to promulgate Rule 9 and the procedures thereunder, including the authority of this Court to designate a trial judge to hear an appeal, rather than a local trial judge.

These issues are entirely without merit and do not warrant further consideration. Nor does appellant's motion to disqualify the members of this Court and to permit him to submit his allegations to still another special Supreme Court panel. That motion is denied. Appellant is being disciplined not for what someone else may have claimed that he did. He himself wrote the briefs and other documents in question and deliberately chose to use language and tactics which cannot be tolerated in the legal profession.

The judgment of the Hearing Panel and of the trial court are affirmed. All costs are taxed to appellant. The cause will be remanded to the trial court for collection of costs accrued there.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.

---

1. This was not an inadvertence by the appellant. It was part of his contention that Rule 9 § 1.3, providing for an appeal to the Supreme Court in cases such as this is invalid. It is his contention that he was legally entitled to seek review in the Court of Appeals under T.C.A. § 27–9–101 and T.C.A. § 16–4–108.

2. The Court of Appeals transferred the matter to this Court.