# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY SESSION, 1999

FILED

September 7, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| ARZOLIA CHARLES GOINES, | ) | C.C.A. NO. 03C01-9808-CR-00288 |
| | ) | |
| Appellant, | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RAY L. JENKINS |
| STATE OF TENNESSEE and | ) | JUDGE |
| AUBREY L. DAVIS, | ) | |
| | ) | |
| Appellees. | ) | (Post-Conviction/Disbarment) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF KNOX COUNTY

FOR THE APPELLANT:

ARZOLIA CHARLES GOINES
Pro Se
N.E.C.X. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

ERIK W. DAAB
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Appellant, Arzolia Charles Goines, is an inmate in the Department of Correction serving a life sentence as a habitual criminal.[1] On June 11, 1998, he filed a "Petition for Disbarment" in the Criminal Court of Knox County, alleging that his attorney in a previous post-conviction proceeding should be disbarred because of ineffective assistance of counsel during the post-conviction proceeding. The trial judge treated the petition as one for post-conviction relief and dismissed it, primarily because it was time-barred. The Appellant appeals, arguing that the trial court erred by dismissing the "Petition for Disbarment." We affirm the judgment of the trial court.

The Appellant's petition named Aubrey L. Davis as the respondent. Mr. Davis was the Assistant Public Defender who represented the Appellant in his previous petition for post-conviction relief. In that previous post-conviction proceeding, the trial judge denied the Appellant relief and this Court affirmed the trial court's decision.[2] The petition for disbarment alleged numerous errors committed by the original trial counsel, by the original trial judge, and by Mr. Davis, the post-conviction counsel. Although the petition sought disciplinary action against the Appellant's prior attorney, it also asked that the Appellant be allowed to file a pro se appeal from the previous judgments entered against him. The trial court dismissed the petition because (1) it was barred by the statute of

---

[1] See State v. Arzolia Charles Goines, No. 1208, 1989 WL 34856 (Tenn. Crim. App., Knoxville, Apr. 14, 1989).

[2] See Arzolia Charles Goines v. State, No. 03C01-9710-CR-00456, 1999 WL 162487 (Tenn. Crim. App., Knoxville, Mar. 24, 1999).

limitations applicable to post-conviction petitions, (2) the Appellant had previously filed a post-conviction petition attacking the same conviction, and (3) the allegations of ineffective assistance of counsel had been previously determined.

The Appellant's petition recites that it is filed pursuant to Tennessee Code Annotated § 23-3-202, which provides that proceedings for disbarment or discipline of an attorney may be instituted in the circuit, chancery, or criminal court of the county of the attorney's residence or where the "offense" was committed. In this appeal, the Appellant argues that the trial judge erred by treating his petition as one for post-conviction relief. He argues that pursuant to the referenced statute, his petition should proceed as a petition for disbarment against his post-conviction attorney, Aubrey L. Davis.

The statute provides that an attorney may be disbarred or suspended for (1) committing an infamous crime or misdemeanor involving moral turpitude, (2) improperly soliciting employment, (3) wrongfully detaining a client's money or property, (4) fraudulently obtaining admission to the bar, or (5) engaging in unprofessional conduct, dishonesty, malpractice, or other conduct rendering the attorney unfit to be a member of the bar. Tenn. Code Ann. § 23-3-202.

Upon the filing of a petition pursuant to the above referenced statute, the trial judge is directed to issue a citation requiring the attorney to appear and answer within fifteen days of service of process. Id. § 23-3-202(b). The statute contemplates that a "preliminary investigation" should be conducted by "commissioners appointed under the supreme court rules or the state or the local bar association." Id. § 23-3-202(c). If no such "preliminary investigation" has

been made, the statute directs the trial judge to appoint a special master to conduct an investigation. Id. "Such proceedings shall be expedited and given precedence over other business of the court . . . ." Id.

Initially, we note that in Ex parte Chattanooga Bar Ass'n, 566 S.W.2d 880 (Tenn. 1978), our supreme court held that as a result of its adoption of the disciplinary procedure now found in Rule 9 of the Rules of the Supreme Court, the statutory scheme found in Tennessee Code Annotated § 23-3-202 was no longer available as an alternative disciplinary procedure for use by any bar association or bar committee. Id. at 884. The court specifically stated, however, "Any individual aggrieved by the act or conduct of an attorney may avail himself of the statute, or of course may file his complaint with the disciplinary counsel." Id; see also Wayne Davidson v. Roger Delp, No. 03A01-9711-CV-00518, 1998 WL 548750 (Tenn. Ct. App., Knoxville, Aug. 14, 1998). But see John Wayne Slate v. State, No. 03A01-9708-CV-00369, 1998 WL 102072 (Tenn. Ct. App., Knoxville, Feb. 27, 1998).

We decline to find that the trial judge erred by treating the Appellant's pleading as a petition for post-conviction relief. A trial court is not bound by the title of a pleading. Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995). While this petition is clearly styled as a disciplinary action against an attorney, the petition was filed by an inmate in the Tennessee Department of Correction and alleges as grounds for disciplinary action only ineffective assistance of counsel. The rambling petition alleges that counsel was ineffective for failing to appeal issues relating to (1) the statute of limitations, (2) prosecutorial misconduct, (3) improper cross-examination, (4) his right to a sequestered jury, and (5) the

exclusion of African-Americans from the jury. The petition also alleges that the trial judge erred by not enforcing the Appellant's right to a unanimous jury. Furthermore, it alleges that the original indictment against the Appellant contained a fatal variance and that an unconstitutional statute was used to render the Appellant a habitual criminal.

In addition to requesting appropriate disciplinary action against Mr. Davis, the petition asks that the prior proceedings be stayed so that Appellant may appeal pro se after all the "paperwork" is returned to the Appellant. Although ineffective assistance of counsel could fall within the definition of "unprofessional conduct" or "malpractice," we do not construe the statute to require a trial judge to proceed with disbarment proceedings based on such allegations of ineffective assistance of counsel intertwined with allegations of error by the trial court, post-conviction court, and appellate court. Under these circumstances, we do not believe the trial court should be required to re-examine the petitioner's allegations in a proceeding brought in the form of a disbarment action against one of his former attorneys. The Appellant is free to seek disciplinary action against his former attorney in accordance with Rule 9 of the Rules of the Supreme Court.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:



_____
GARY R. WADE, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE