**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1999 SESSION**

FILED

August 9, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JOHN WILLIE PARTEE, | ) | |
| | ) | **C.C.A. NO. 03C01-9805-CR-00191** |
| Appellant, | ) | |
| | ) | **KNOX COUNTY** |
| VS. | ) | |
| | ) | **HON. RAY L. JENKINS,** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Petition for Malpractice / Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHN WILLIE PARTEE, Pro Se**          **PAUL G. SUMMERS**
Turney Center Industrial Prison        Attorney General & Reporter
Route 1
Only, TN 37140-9709                    **R. STEPHEN JOBE**
                                       Asst. Attorney General
                                       Cordell Hull Bldg., 2nd Fl.
                                       425 Fifth Ave., North
                                       Nashville, TN 37243-0493

                                       **RANDALL NICHOLS**
                                       District Attorney General
                                       400 Main Ave., Suite 168
                                       City-County Bldg.
                                       Knoxville, TN 37901-1468

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# OPINION

In March of 1983, the petitioner was found guilty by a jury of assault with intent to commit first-degree murder. He was subsequently sentenced to a term of sixty years to be served in the Tennessee Department of Correction. On direct appeal, this Court affirmed the petitioner's conviction. In 1990, the petitioner filed a petition for post-conviction relief. The trial court found the petition was filed after the applicable statute of limitations had expired and the petition was dismissed. On appeal, this Court upheld the dismissal of the petition. On April 16, 1998, the petitioner filed a "Petition for Malpractice." This petition was dismissed by the lower court. The petitioner now appeals. After a review of the record and applicable law, we affirm the judgment of the lower court.

The petitioner's "Petition for Malpractice" alleges that he "has suffered greatly because [his attorneys] violated his Constitutional Rights." Specifically, the petitioner contends that his court-appointed trial attorneys ignored the fact that his indictment was defective in that it was not signed by the Grand Jury Foreman and it did not contain the phrase "against the peace and dignity of the state of Tennessee." The petitioner further contends that his sentence of sixty years was illegal under the existing law at the time of his conviction. The petitioner alleges that his due process rights were violated because the county in which he was indicted "had never had a Black foreman to [sic] the Grand Jury, nor had there ever been a Black Member on the Panel of the Grand Jury." The petitioner claims these facts support the allegation that his attorneys conspired with the prosecutor's office to deprive the petitioner "of his Freedom and his Constitutional Rights to Equal Protection of the Law."

We note initially that the petition in the case at bar was titled "Petition for Malpractice." However, it is not entirely clear whether this petition is actually a petition for post-conviction relief.  Under the general rule that pleas shall be given the effect required by their content without regard to the name given them by the pleader, the petition could be treated as a petition for post-conviction relief. See Brigham v. Lack, 755 S.W.2d 469, 470-71 (Tenn. Crim. App. 1988).  According to the petitioner, his "Petition for Malpractice" was filed pursuant to T.C.A. § 23-3-202,  which allows individuals to initiate disciplinary proceedings against an attorney.  The Tennessee Supreme Court has held that "[a]ny individual aggrieved by the act or conduct of an attorney may avail himself of [this] statute." Ex parte Chattanooga Bar Ass'n, 566 S.W.2d 880, 884 (Tenn. 1978). However, staleness in a charge against an attorney may prevent a claim filed under this statute from being considered.  Tennessee Bar Ass'n v. Berke, 344 S.W.2d 567, 572 (Tenn. App. 1960).[1] An unreasonable delay in the prosecution of an attorney could make it impossible for the attorney to procure witnesses or testimony that would have been available nearer to the time of the alleged misconduct. Id.  In such a case, the doctrine of laches would justify the dismissal of the petition. Id.

In the case at bar, the alleged misconduct occurred more than fifteen years ago. The delay in filing the present action was not the fault of the petitioner's attorneys. As such, the trial court did not abuse its discretion in dismissing the petition in reliance on the doctrine of laches. Id.; see also State v. Gipson, 940 S.W.2d 73, 76 (Tenn. Crim. App. 1996) (holding that the application of the doctrine of laches will not be reversed except on a showing of abuse of the trial court's discretion).  In addition, even if the petition was not barred by the doctrine of laches, the defendant would not be entitled to relief from his conviction or sentence under T.C.A. § 23-3-202. This statute deals solely

---

[1] We note that the statute at issue in the Ex parte Chattanooga Bar Ass'n and Berke decisions was T.C.A. § 29-309.  This statute is now codified at T.C.A. § 23-3-202.

3

with the issue of disciplinary proceedings for attorneys.

We next address the petition in the event that it is actually a petition for post-conviction relief. This Court has previously held that any petitioner whose judgment became final before July 1, 1986, had only three years thereafter to file a petition for post-conviction relief. David Cox v. State, No. 03C01-9712-CC-00532, Blount County (Tenn. Crim. App. filed February 19, 1999, at Knoxville)(citing State v. Masucci, 754 S.W.2d 90 (Tenn. Crim. App. 1988)); T.C.A. § 40-30-102 (repealed 1995). As the petitioner's conviction became final in 1984, he had until July 1, 1989, to file a petition for post-conviction relief. As his petition was not filed until April of 1998, his petition was filed outside the applicable statute of limitations.[2]

Nevertheless, the petitioner claims that he is entitled to post-conviction relief under T.C.A. § 40-30-202(b)(1). This section provides that a post-conviction petition may be filed outside the statute of limitations if the petition "is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial" and "retrospective application of that right is required." T.C.A. § 40-30-202(b)(1). However, such petition must be filed within one year of the court ruling establishing the new constitutional right. T.C.A. § 40-30-202(b)(1).

In the case at bar, the "new constitutional rule" relied upon by the petitioner was set out in Rose v. Mitchell and established that the Equal Protection Clause of the Fourteenth Amendment "is violated if the key man system of selecting grand jury foremen is used to systematically exclude blacks." State v. Jefferson, 769 S.W.2d 875, 876

---

[2] Although the petitioner's petition was filed under the Post-Conviction Procedure Act of 1995, this Act does not allow "additional time and opportunity for petitioners whose claims are already barred by the prior statute of limitations." Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).

(Tenn. Crim. App. 1988)(citing Rose v. Mitchell, 443 U.S. 545 (1979)). However, Rose v. Mitchell was decided in 1979 and the petitioner's present petition was not filed until 1998. Therefore, it is not a "new constitutional rule." As such, his petition does not fall under an exception to the statute of limitations applicable to post-conviction petitions. See T.C.A. § 40-30-202(b)(1). Although the petitioner claims that his petition was not filed earlier because his trial attorneys refused to present the issue and because he did not know how to prepare or present the issue on his own, these are not recognized exceptions to the applicable limitations period. See T.C.A. § 40-30-202(b). As such, the petitioner is not entitled to relief on these grounds.

In light of the foregoing, the court properly dismissed the petitioner's "Petition for Malpractice."

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge

5