433 So.2d 699 (1983)
Aida C. DIAZ
v.
ALLSTATE INSURANCE COMPANY and Dale T. Rodriguez.
No. 82-CA-2846.
Supreme Court of Louisiana.
June 3, 1983.
*700 Robert L. Manard, III, Marc L. Popkin, Manard, Schoenberger & Ryan, New Orleans, for plaintiff-appellee.
Victoria Lennox Bartels, William F. Wessel, E. Kelleher Simon, Murphy & Simon, New Orleans, for defendants-appellees.
Warren E. Mouledoux, First Asst. Atty. Gen., for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Lois Davis, Asst. Dist. Atty., New Orleans, for State of La.
DENNIS, Justice.
This is an appeal by the state from a district court judgment declaring a state law unconstitutional. See La. Const. of 1974, Art. 5 § 5(D). The plaintiff, Aida Diaz, filed suit against a district attorney's employee alleging that she had received personal injury caused by the employee's negligent operation of a motor vehicle in the course and scope of his employment.[1] The district attorney's employee filed a third party demand for indemnity against the state. The state moved for summary judgment and argued that La.R.S. 42:1441(A) shields the state from liability for damage caused by an employee of a district attorney. La.R.S. 42:1441(A) provides:
The state of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his *701 official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.
The trial court denied the state's motion for summary judgment, declaring La.R.S. 42:1441 unconstitutional because it conflicts with Art. 12 § 10(A) of the 1974 Louisiana Constitution, which provides that "[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
We affirm the trial court's decision insofar as it overruled the state's motion for summary judgment, but we set aside the district court's declaration that La.R.S. 42:1441 is unconstitutional. The constitutional question was not necessary to a decision upon the summary judgment motion. We also overrule an exception of no cause of action filed in this court by the State under Code of Civil Procedure article 2163.[2]
Regardless of whether La.R.S. 42:1441 is constitutional and shields the state from liability to tort victims, the state independently is obliged by La.R.S. 13:5108.2 to indemnify and hold harmless each employee of the state from financial loss arising out of claim, suit or judgment by reason of the employee's alleged negligence while acting in the scope of his employment. La.R.S. 13:5108.2(B) provides:
It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify each official, officer, and employee of the state from any financial loss which, for purposes of this Section, shall mean and include court costs, judicial interest and monetary damages, arising out of any claim, demand, suit or judgment in any court by reason of alleged negligence or other act by the official, officer or employee, if the official, officer, or employee, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office or employment and such damages did not result from the intentional wrongful act or gross negligence of the official, officer or employee.
Accordingly, if a tortfeasor is an "employee of the state" for purposes of this statute, the state must indemnify him from financial loss arising out of his negligent injury of a person while acting within the scope of his office or employment, even if the injured person would not be able to recover damages from the state because of La.R.S. 42:1441.
In our opinion, a district attorney's employee is an employee of the state for purposes of La.R.S. 13:5108.2. Paragraph A of the statute defines "employee of the state" as a person "holding ... employment in one of the branches of state government or in a department, office, or agency of any such branch...." Id. A district attorney is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the state within the district of his office. La. Const. art. 5 § 26; La.R.S. 16:1, 3; State v. Testa, 152 La. 951, 94 So. 896 (1922). See Dupree v. State, 410 S.W.2d 890, 219 Tenn. 492 (1967); State v. Detroit Motors, 163 A.2d 227, 62 N.J.Super. 386 (1960); State v. District Court of First Judicial District, 220 P.2d 1035, 124 Mont. 249 (Mont.1950); People v. Hy-Lond Enterprises, Inc., 155 Cal.Rptr. 880, 93 Cal.App.3d 734 (1979). His office, duties, and powers are governed by the constitution and the legislature, and are not subject to local control. La. Const. art. VI §§ 5(G) and 7(B). His office, therefore, is an office of state, not local government.[3] Cf. Foster v. Hampton, *702 352 So.2d 197, 201 (La.1977); Williams v. Guerre, 182 La. 745, 162 So. 609, 614 (1935); State v. Jones, 181 La. 390, 159 So. 594, 597 (1935); State v. Titus, 152 La. 1011, 1016, 95 So.2d 106, 107 (1922). See generally, 18 E. McQuillin, Municipal Corporations § 53.66 pp. 298-99 (3rd Ed.1977). Thus, a district attorney's employee holds employment in an office of one of the branches of government and, pursuant to La.R.S. 13:5108.2, is entitled to be held harmless by the state from any financial loss he sustains because of his negligence while discharging duties in the scope of his employment.
In the present case, therefore, the state is not entitled to summary judgment rejecting its employee's plea for indemnity because of the statutory guarantee that the employee shall be held harmless from financial loss. Since the plaintiff citizen did not bring suit against the state, the state's assertion of statutory immunity from tort claim liability to the citizen is irrelevant. See Deblieux v. P.S. & Sons Painting, Inc., 405 So.2d 600, 603 (La.App. 3d Cir.1981): Heckel v. Travelers Ins. Co., 340 So.2d 363, 366 (La.App. 1st Cir.1976). Accordingly, we affirm the trial court's rejection of the state's motion for summary judgment, but we set aside its constitutional pronouncement because a court should not pass on the constitutionality of legislation unless it is essential to the decision of a case or controversy. See e.g., Benson and Gold v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 23 (La.1981); State v. Stripling, 354 So.2d 1297, 1300 (La.1978); State in the Interest of Toler, 262 La. 557, 263 So.2d 888, 892 (1972); State v. Cryer, 262 La. 575, 263 So.2d 895, 898 (1972); Tafaro's Investment Co. v. Division of Housing Improvement, 261 La. 183, 259 So.2d 57, 59 (1972); Schultz v. Police Jury of Tangipahoa Parish, 196 La. 359, 199 So. 215, 219 (1941). See also Alexander v. Louisiana, 405 U.S. 625, 633, 92 S.Ct. 1221, 1226, 31 L.Ed.2d 536, 544 (1972); Burton v. United States, 196 U.S. 283, 295, 25 S.Ct. 243, 245, 49 L.Ed. 482, 485 (1905).
For the reasons assigned, the district court's judgment that La.R.S. 42:1441 is unconstitutional is set aside, but its decision overruling the state's motion for summary judgment is affirmed. The exception of no cause of action is also denied. The case is remanded for further proceedings.
DENIAL OF SUMMARY JUDGMENT AFFIRMED. DECLARATION OF STATUTE'S UNCONSTITUTIONALITY SET ASIDE. EXCEPTION OF NO CAUSE OF ACTION DENIED. REMANDED.
LEMMON, J., concurs.
WATSON, J., concurs in the result but would treat the issue of constitutionality.
CALOGERO and MARCUS, JJ., dissent and assign reasons.
BLANCHE, J., dissents and will assign reasons.
CALOGERO, Justice, dissenting.
I respectfully dissent from the majority opinion because it does not address the interrelationship between La.R.S. 13:5108.2 (upon which it relies) and La.R.S. 42:1441, and it improperly allows the state to be third partied under a statute which merely facilitates indemnification following a judgment or specially approved settlement.
Since the majority neither invalidates La. R.S. 42:1441 (as unconstitutional) nor finds that it is superceded by La.R.S. 13:5108.2, the two statutes must be read together. What we find is a statute, La.R.S. 13:5108.2, which provides a limited exception to La. R.S. 42:1441's exempting the State of Louisiana from "liab[ility] for any damage caused by ... an employee of a district attorney...." Since La.R.S. 13:5108.2 only provides an exception to the state's general immunity (that granted under La.R.S. 42:1441), one must come within the express terms of the exception in order to benefit by it. I do not feel that Mr. Donnelly has come within the terms of La.R.S. 13:5108.2 *703 in attempting to third party the state in the plaintiff's tort suit against him.
La.R.S. 13:5108.2 only contemplates indemnifying state employees after judgment, or after a settlement by the employee approved by the attorney general and to that extent provides:

If a monetary judgment for damages against the official, officer, or employee is rendered by a competent court or if a monetary settlement approved by the attorney general is reached on behalf of the official, officer, or employee in actions arising under the circumstances provided by this Section, suit shall be instituted by the attorney general against the legislative auditor in the district court of the parish in which the state capital is situated for the amount of the judgment or settlement, and jurisdiction over such suit is hereby conferred on said court. The proceedings shall be conducted by the court and shall be confined to the record comprising the federal action. The court, upon request, shall hear oral argument and received written briefs. If, before the date set for the hearing an oral argument or the filing of written briefs, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and there that was good reason for the failure to present it in the proceeding before the federal court, the court may order that the additional evidence be received upon conditions determined by the court. Any judgment rendered by such court shall be subject to appeal as in other civil matters. Such suit maybe instituted under the laws applicable to declaratory judgments and any such suit shall be regarded as presenting a justiciable controversy between the attorney general and the legislative auditor. If the decision in the original suit is that the employee was acting in the discharge of his duties and within the scope of his employment and was not guilty of an intentional wrongful act or gross negligence, then the legislature shall appropriate the sum required to reimburse the official, officer, or employee. (Emphasis provided.)
This subsection of La.R.S. 13:5108.2 makes the state's agreement to indemnify dependent upon a previously secured judgment against the employee or a settlement approved by the attorney general. It does not authorize a litigant's third partying the state in a tort suit in which the employee's liability is being litigated. Furthermore, under La.R.S. 13:5108.2(G) as amended in 1982 and quoted above (the statute relied upon in the majority opinion) it appears that the indemnification provision only applies to judgments or settlements resulting from proceedings in federal court.[1]
In the instant case, the state filed a motion for summary judgment in the trial court and an exception of no cause of action in this Court in response to the defendant's third party demand against it. Whether the defendant can, at a later time, be indemnified by the state under La.R.S. 13:5108.2 (and it seems that he can after a judgment or approved settlement is reached against him) is irrelevant to whether the state can be third partied in these tort proceedings. Subsection (G) of La.R.S. 13:5108.2 does not authorize such a proceeding against the state. Accordingly, I dissent from the judgment of the majority which denies the state's motion for summary judgment and exception of no cause of action.
MARCUS, Justice (dissenting).
I do not consider that an employee of a district attorney is an employee of the state. Nor do I consider him an employee of the state as defined by La.R.S. 13:5108.2(A); hence, La.R.S. 13:5108.2(B) would not require the state to indemnify the defendant in the instant case. Accordingly, I respectfully dissent.
NOTES
[1] Aida Diaz filed suit against Dale Rodriguez and Allstate Insurance Co. for injuries sustained by her in an automobile accident. AIU, her under-insured motorist carrier, was added as defendant. After a second accident, several months later, Diaz amended her petition, adding Robert Donnelly and the City of New Orleans as defendants. She alleged that her injuries were aggravated by the second accident. The city was made defendant because Donnelly was director of the District Attorney's diversionary program which was subsidized by the city. The District Attorney's Office for Orleans Parish was added as defendant, after the City successfully moved for summary judgment. Donnelly filed a third-party demand against the City and the State of Louisiana. AIU, Allstate and Rodriguez are no longer parties to this litigation, since Diaz's claims against them have been compromised. The City is no longer a party to this litigation, since it was again successful with a motion for summary judgment.
[2] The basis of the exception is that the state has no obligation to indemnify its employees absent La.R.S. 13:5108.2 and that this statute does not apply to Mr. Donnelly since he is not a "state employee."
[3] Out of an abundance of caution, the redactors of the constitution included provisions in the section on local government law to ensure that district attorneys, as state constitutional officers, would not be subject to local control. This safeguard does not evince any intention to reclassify district attorneys as local officials. Moreover, the mere fact that the headings to these provisions refer to district attorneys as "parish officials" does not change the substance of any constitutional provision. La. Const. art. XIV § 22. See City of New Orleans v. State of Louisiana, 426 So.2d 1318, 1321 (La.1983) (holding that the district attorney is a state employee for purposes of Art. VI, section 14).
[1] The majority cites and relies on La.R.S. 13:5108.2 as amended in 1982; so I have done likewise. In fact, it may be that the applicable statute for this 1979 accident is La.R.S. 13:5108.2 as it appeared before its 1982 amendment.