11 LANDRIEU, Judge.
Plaintiffs, Roland Gibson, Jessie Gibson, Roland Gibson, Jr., and Dennis Gibson, appeal a judgment maintaining the State of Louisiana’s exception of no cause of action in a suit for malicious prosecution. We are asked to determine whether the State can be held liable for the acts of the employees of the Orleans Parish District Attorney’s Office. Finding no error in the judgment of the trial court, we affirm.
FACTS
At approximately 8:30 p.m. on December 30, 1967, Charles B. Reinecke, a Yellow Cab driver, was killed during an armed robbery in the 600 block of Old Gentilly Road, New Orleans. A finger print, which was lifted from one of the windows of the cab, was later traced to Lloyd West. Arrested on March 29, 1968, and charged with a crime unrelated to the murder of Reinecke, West admitted to having had been on the scene of the crime when the decedent was killed. He implicated Roland Gibson in the murder of Reinecke.
The plaintiffs allege that the prosecutor made a deal with West whereby in exchange for his testimony against Gibson, the State would not seek the Rdeath penalty against him. Gibson was eventually arrested and charged with the first degree murder of Charles Reinecke. Following a trial on the merits, a jury found Gibson guilty as charged. He was sentenced to life imprisonment at hard labor. .
Plaintiffs claim that West recanted his testimony on December 18, 1992, and that they also discovered a supplemental police report. This report allegedly would have exonerated Gibson or at least contained information fa *1149 vorable to Ms defense on January 22, 1998, all of wMch was withheld in 1968.
Seeking damages for malicious prosecution, defamation, false imprisonment and illegal detention, the plaintiffs filed suit on February 12, 1993. Named as defendants in the suit were the State of Louisiana, John St. John (a fictitious name for the assistant district attorney in this matter) and Lloyd West. The petition alleged that the State of Louisiana and St. John had reason to believe West was giving them false information in Ms statements to them. A “First Amending Petition Filed Before Answer” was filed on March 30, 1993, adding as defendants, the Orleans Parish District Attorney’s Office, the City of New Orleans, and XYZ Insurance Company. The plaintiffs allege that the fictitious St. John is an employee of the Orleans District Attorney’s Office, which plaintiffs’ characterize as a “quasi agency” of the State and City. Additionally, the City was said to be liable for the acts and omissions of various unnamed police officers who “tortured” West to have him implicate Gibson in the murder. The petition also challenges the constitutionality of La.Rev.Stat.Ann. § 13:5106 (West 1991), which limits liability of the State of Louisiana to $500,000.[1]
1.3 On July 23, 1993, the State filed an Exception of Prematurity, or, Alternatively, Exception of No Cause of Action. In its Memorandum in Support of its Exception of Prematurity, or, Alternatively, Exception of No Cause of Action, the State voluntarily dismissed its Exception of Prematurity and rested on the Exception of No Cause of Action advancing three arguments: (1) because Gibson was alleged to be incarcerated and there was no allegation of a bonafide termination of the prosecution, plaintiffs’ petitions state no cause of action for malicious prosecution; (2) because the State of Louisiana does not mitiate or prosecute criminal actions, nor is it responsible for the acts of the Orleans Parish District Attorney’s Office or its employees, plaintiffs’ petitions state no cause of action for malicious prosecution; and (3) because Jessie Gibson, Roland Gibson, Jr., and DenMs Gibson could not independently state a claim for malicious prosecution, nor were there any allegations that they fell witMn that category of persons to whom a claim of loss of consortium was available, their petitions state no cause of action.
A “Second Amending Petition Filed Before Answer” was filed on September 13, 1993, alleging the status of Jessie Gibson, Roland Gibson, Jr., and Denms Gibson. These plarn-tiffs aver loss of consortium, love, affection, society, guidance and counselling, which resulted from Gibson’s 26 years of incarceration. As a result of this filing, the Exception of No Cause of Action directed to these parties was rendered moot.
The exceptions were tried on December 17, 1993. At that time, the State withdrew the Exception of No Cause of Action based upon the lack of a bonafide termination of Gibson’s prosecution due to counsel’s representation that the criminal proceedings had been nolle proseqmed by the State on March 31, 1993. The remaning defense advanced by the State rested on La.Rev.Stat.Ann. § 16:1 (West 1982), which outlines responsibilities for criminal Rprosecutions; and La. Rev.Stat.Ann. § 42:1441(A) (West 1990), a statutory bar to suits against the State for acts and omissions of a District Attorney and his employees. Following a hearing on December 17, 1993, the trial court maintained the State’s exception of no cause of action.
On that same day (December 17th), the plaintiffs filed a “Third Supplemental and Amending Petition Filed After Answer Served” challenging the constitutionality of § 1441(A) on the ground that district attorneys and their assistants are employees of the “Judicial Branch of the State of LoMsi-ana”.[2] As such, the State is liable for the acts of the district attorney and their assis *1150 tants which occur during the course and scope of their employment. An ex parte “order” attached thereto was signed on December 17,1993. That petition was allegedly served on the State, through its attorney of record, John J. Hainkel, III, on or about December 24, 1993, and on the Attorney General, for the State of Louisiana, on or about January 10, 1994.
On December 21,1993, the plaintiffs filed a “Fourth Amending Petition Filed After Answer Served” naming as an additional defendant the State of Louisiana through the Department of Corrections. In this amended petition, plaintiffs claim the Department of Corrections is responsible in tort for the incarceration of Gibson. Additionally, plaintiffs challenge the constitutionality of La.Rev. StatAnn. § 13:5108.2(B) (West 1991).
DISCUSSION
It was not until December 17th that the order permitting plaintiffs to file their third supplemental and amending petition challenging the constitutionality of La.Rev. StatAnn. § 42:1441(A) was signed by the trial court. While the record is not entirely clear, it appears that the order was not signed until after |sthe judgment maintaining the State’s exception was signed. Irrespective of that probability, the third supplemental and amended petition was neither filed nor served until after the judgment was signed and, consequently, it appears that the issue of the constitutionality of § 1441(A) was not before the trial court. Therefore, that issue has been waived and is not properly before us on appeal. See, Lemire v. NOPSI, 458 So.2d 1308 (La.1984).
Plaintiffs contend that the trial court erred when it held that the State of Louisiana was not liable for the acts of the Orleans Parish District Attorney’s Office. Specifically, they allege that the State is liable for St. John’s actions, because St. John was an employee of the Orleans Parish District Attorney’s Office, a “quasi agency” of the State.
The State, on the other hand, submits that the District Attorneys and their assistants, and not the State, are responsible for criminal prosecutions and, that the State is statutorily immune from liability for the acts and omissions of District Attorneys and their employees.
First, we note that it is the District Attorney for the Parish of Orleans or his designated assistant who has charge of every criminal prosecution in the Criminal District Court for the Parish of Orleans, and is the legal advisor to the grand juries. La. Const. Art. V, § 26(B) (West 1977); La.Rev.Stat. Ann. § 16:1(C) (West Supp.1994). The District Attorney’s Office is not the State and the State is not liable for the acts of the District Attorney or his employees. See, La. Rev.Stat.Ann. § 42:1441(A) (West 1990).[3] Moreover, in 1985, the Louisiana legislature adopted La.Rev.Stat.Ann. § 42:1441.1, 1441.2(A), 1441.3(A) (West 1990) which provide as follows:
Js§ 1441.1:
Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi-offenses of his servant shall not extend or apply to and shall not impose liability on the state for the offenses and quasi-offenses of any person who is not expressly specified by R.S. 13:5108.2(A)[4] to be an official, *1151 ^officer, or employee of the state entitled to indemnification under R.S. 13:5108.2.
§ 1441.2(A):
Civil Code Article 2820 and other laws imposing liability on a master for the offenses and quasi-offenses of his servant shall not extend or apply to and shall not impose liability upon the state for the offenses and quasi-offenses of any of those public officers named in Article V, Sections 26, 27, 28, and 29, and Article VII, Section 24, of the Constitution of Louisiana or any of their officers, deputies, assistants, employees, appointees, designees, or representatives.
§ 1441.3(A):
The master of an individual who is an elected or appointed public officer, official, or employee of a political subdivision, under the meaning and purpose of Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi-offenses of his servant, is the particular subdivision of which such individual is a public officer, official, or employee.
The plaintiffs’ argument that the Orleans Parish District Attorney’s Office is created by the State Constitution, falls within the judicial branch of state government, and derives its powers, duties and responsibilities from the constitution, and therefore it is liable for or has some derivative responsibility for the acts and omissions of its employees is derived from the language contained in Diaz v. Allstate, 433 So.2d 699, 701 (La.1983). In Diaz, the district attorney’s employee, after being sued in tort, filed a third-party demand against the State for indemnity. The State, a third-party defendant, moved for summary judgment claiming that La.Rev. StaLAnn. § 42:1441(A) shielded it from liability for damage caused by the district attorney’s employee. Finding § 1441 unconstitutional, the district court denied the motion for summary judgment. The Louisiana Supreme Court set aside the district court declaration that § 1441 was unconstitutional and opined that the district |gattorney is an employee of the State for purposes of La.Rev. Stat.Ann. § 13:5108.2, and thus entitled to indemnification under that statute. Diaz predates the adoption of §§ 1441.1-1441.4, consequently, these statutes, which bar plaintiffs’ claims herein, were not at issue.
Plaintiffs reliance on Foster v. Hampton, 352 So.2d 197 (La.1977) is also inapposite. Foster involved a deputy sheriff wherein the Louisiana Supreme Court, in dicta, noted that the State may be considered a deputy sheriff’s “employer”, and the doctrine of respondent superior might be available to hold the State vicariously liable for the negligent torts of its employees in the course and scope of their employment. However, Foster has been legislatively overruled by La.Rev.Stat. Ann. §§ 42:1441, 1441.1, 1441.2, 1441.3, and 1441.4.[5]
*1152 Although the issue was not raised in the trial court nor briefed as an assignment of error on appeal, we nonetheless note that La.Rev.Stat.Ann. §§ 42:1441.1-1441.4 represent substantive changes in case law and, it could be argued that the alleged tort predated these amendments and they should not be applied retroactively. However, given the language of § 1441.4 which states that the legislative intent in adopting these amendments was to restore the true intent of La. Code Civ.Proc.Ann. art. 2320 (West 1979) which had been judicially deviated from in several reported cases, we must treat the 19amendments not as a change in the law but as a statement of what the law always was intended to be.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. In Chamberlain v. State through DOTD, 624 So.2d 874 (La.1993), the Louisiana Supreme Court declared § 13:5106(B)(1) unconstitutional, stating that it conflicts with the Louisiana Constitution’s prohibition against sovereign immunity from liability in contract or for injury to person or property, as expressed in La. Const. Art. XII, § 10(A) (West 1977).

. The minute entry on the petition reflects that the petition was received by the trial court on December 20, 1993.

. La.Rev.Stat.Ann. § 42:1441(A) provides that "[t]he state of Louisiana shall not be liable for any damage caused by a district attorney ... within the course and scope of his official duties, or damage caused by an employee of a district attorney....”

. La.Rev.Stat.Ann. § 13:5108.2(A) (West 1991) defines who is an official, officer, or employee of the State:
A. (1) As used in this Section, an official, officer, or employee of the state means such a person holding office or employment:
(a) In the executive branch of state government or in any department, office, division, or agency thereof.
(b) In the legislative branch of state government or in any house, committee, or office thereof.
(c) In any of the family, juvenile, or judicial district courts of the state or in the offices of the judicial administrators thereof.
(d) In one of the circuit courts of appeal or in the office of clerk thereof.
(e) In the state supreme court or in the office of the clerk thereof or office of judicial administrator thereof.
*1151 (f) In one of the deep-water ports, deep-water port commissions, or deep-water port, harbor, and terminal districts.
(2) As used in this Section, an "Official”, "officer”, or "employee” of the state does not include an official, officer, or employee of a municipality, ward, parish, special district, including without limitation a levee district, school board, parish law enforcement district, or any other political subdivision or local authority other than a deep-water port, deep-water port commission, or deep-water port, harbor, or terminal district whose functions have not been transferred to a state department or agency thereof, nor shall "official”, "officer”, or "employee” of the state include the parish officials set forth and named in Article V!, Sections 5(G) and 7(B) of the Constitution of Louisiana, nor the officials, officers, or employees thereof, nor justices of the peace, constables, mayor’s courts, city courts, marshals, nor the officials, officers, or employees thereof.
(3) As used in this Section, an "official", "officer”, or "employee” of the state means a physician who either contracts with or provides services on behalf of the state or any of its departments, whether compensated or not, in treating and performing evaluations of persons when such persons cause harm to third parties.

. La.Rev.Stat.Ann. § 1441.4 (West 1990) specifically stated that such cases as Foster v. Hampton, 352 So.2d 197 (La.1977) and 381 So.2d 789 (La.1980); Mullins v. State, 387 So.2d 1151 (La.1980), and Hryhorchuk v. Smith, 390 So.2d 497 (La.1980), represent misrepresentations and misapplications of Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi-offenses of his servant. The intent and purpose of the provisions contained in *1152 this Chapter relative thereto are to restore to the legislatively created Civil Code Article 2320 and other laws imposing such master-servant liability the true legislatively intended meaning, interpretation, and application deviated from in such relationships, circumstances, and cases reported in Foster v. Hampton, Mullins v. State, and Hryhorchuk v. Smith, supra.