Dear Ms. Jones:
In response to your recent inquiry, note that state law prohibits one from holding membership with the board of a parish planning commission while concurrently holding a position as assistant district attorney. R.S. 33:103(C) states:
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this Paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish municipality forms a part. (Emphasis added).
An assistant district attorney holds public office as defined in R.S. 42:1, providing:
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on the board or commission, elective or appointive, when the office or position is established by the constitution and laws of this state. "Public officer" is any person holding a public office in this state.
See Attorney General Opinions 97-84, 85-290 and 84-121 in support of our general conclusion; see also Attorney General Opinion 89- 210A, which elaborates on the status of assistant district attorney as public office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: December 4, 2002
OPINION NUMBER 89-210A
September 8, 1989
22 — DISTRICT PROSECUTING ATTORNEYS 90-A — POLITICAL SUBDIVISIONS
La. Const. Art. V. Sec. 5(G) and 7(B)
R.S. 42:1441-1442 R.S. 13:5108.2
Assistant district attorneys are public officers and employees of the parish or parishes constituting the judicial district in which they serve, and the parochial governing authority is fiscally responsible for indemnification of any attorney fees mandated under R.S. 42:1442A. Original opinion is affirmed.
Mr. B. Dexter Ryland First Assistant District Attorney Rapides Parish P. 0. Drawer 1472 Alexandria, LA 71309
Dear Mr. Ryland:
You have requested our reconsideration of Opinion of the Attorney General No. 89-210, wherein the Attorney General opined that an assistant district attorney is a law enforcement officer within the scope of LSA-R.S. 42:1442 (A), and entitled under that statute to indemnification for attorney fees incurred in a successful defense of criminal charges. The statute provides that this reimbursement shall be paid by "the governing authority by whom the officer was employed at the time of the alleged crime." The original opinion ruled that the police jury, as the governing authority of the parish, was responsible for the attorney fees of the exonerated former Assistant District Attorney, Mr. Camille Giordano.
Your reconsideration request is limited to two issues: (1) whether an assistant district attorney is employed by any "governing authority" at all, and, if so, (2) whether the governing authority which actually employs him is not the state legislature, acting for the State of Louisiana.
Perhaps the most unsettled area of local government law in recent years has centered in the employment relationship between public officers authorized by constitutional provisions and their appointees and employees, who exercise as constitutional officers the sovereign powers of the State of Louisiana, and the State itself and its political subdivisions with which these constitutional officers are often closely associated in law and fact. One need only review L.S.U. Law Professor Kenneth Murchison's valiant efforts for the past decade in the annual faculty symposium issue of the Louisiana Law Review to find coherence in the often contradictory statutory and case law to appreciate how unsettled is the law on the employment status of assistant district attorneys, deputy sheriffs, deputy assessors, deputy coroners and deputy clerks of court. A review of that law is necessary for context.
Most of the case law has arisen from questions of tort and worker's compensation liability, in which the master-servant relationship is central. Professor Murchison traces the instability of the law to the impact of La. Const. Art. XII, Sec. 10(a), which abrogated the immunity of government from liability for the tortious acts of its officers and employees. These judicial determinations of the employment relationship for constitutional officers, and the legislative response to those decisions of the courts, although arising in the context of tort liability, are nonetheless analogous to Mr. Giordano, whose right to indemnification for attorney fees under the special statute (R.S. 42:1442) rests upon the identity of his employer, and the legal character of the master-servant relationship for an assistant district attorney.
Parallel to this body of law are LSA-R.S. 13:5108.2 and 5108.3, providing for indemnification of state officers and employees against whom civil and criminal proceedings are brought.
Foster v. Hampton, 352 So.2d 197 (La. 1977) was the seminal case under the Louisiana Constitution of 1974 to hold that a constitutional officer (a deputy sheriff) was a "state officer" and that, therefore, the State was his or her employer and might be vicariously liable (the State was not a party to the suit).
Hryhorchuk v. Smith, 390 So.2d 497 (La. 1980) followed Foster.Hryhorchuk addressed the question of whether a constable, like a deputy sheriff, was a state officer. The Supreme Court ruled that a state office is one created by the Constitution or state statute. A state officer performs public functions with authority derived from the State by constitutional or legislative enactment and thus exercises a delegated portion of the sovereign powers of the State. Ibid, at 501-502. Therefore, the State of Louisiana was the employer of the constable and was liable for the negligence of the state officer in the course of his employment. The Court further held that although Calcasieu Parish paid part of the constable's salary, R.S. 13:2589, that he was not a parish employee, and therefore the parish was not liable. Ibid.
 Mullins v. State, 387 So.2d 1151 (La. 1986) had applied the same rationale to coroners. Mullins followed the rule of State v. Taylor,
44 La. Ann. 783, 11 So. 132 (1894): "If the office is created by the legislature [constable] or is established by the Constitution [sheriff, district attorney, coroner], it is a state office." 11 So. at 133. Because the office of the coroner is created by the Constitution (Art. V, Sec. 29), Mullins reasoned, it is a state office. The Court further stated: "While it is true that the coroner enjoys only parishwide jurisdiction in the exercise of his functions, the local governing authority has no power to abolish this constitutionally created office."387 So.2d at 1152. That the governing authority must fiscally support both the offices of the coroner and the district attorney, and in certain circumstances, appoints an interim district attorney or coroner, does not divest the coroner of his status as a state officer and cause him or her to be a parochial officer. Supra.
 Mullins frames the issue presented by Mr. Giordano's request for indemnification. What governmental entity is liable as the employer of a public officer who serves and exercises a constitutionally delegated jurisdiction within the boundaries of a political subdivision yet is not a creature of the legislative power of the governing authority of that political subdivision? The Mullins test of status of public officers is unworkable. If the coroner is not a parochial officer because his office cannot be abolished by the police jury, then he or she is not a state officer either, in that the legislature has no power to abolish a constitutional office either. Hainkel v. Henry, 313 So.2d 577 (La. 1975). By the Mullins test, police jurors are also "state officers," as police juries are creatures of statutes, and all power is delegated to them by the state sovereign.
This line of jurisprudence began to be modified with 1978 La. Acts No. 318, enacting LSA-R.S. 42:1441, and 1985 La. Acts No. 451, Sec. 1, enacting LSA-R.S. 42:1441.1-1441.4.
R.S. 42:1441 eliminated the liability of the State for torts committed by specified state officers or their employees whose jurisdiction is within parochial or district geographical limits. Since the liability being legislatively eliminated by this statute was the vicarious liability of the State as the employer of these officers and employees as pronounced by Foster, Hryhorcheek, and Mullins, the reasonable inference to be drawn from R.S. 42:1441 was that the officials specified were not employees of the State for purposes of tort liability determination. The offices included in R.S. 42:1441 were the district attorney, coroner, assessor, sheriff, clerk of court, or "public officer of a political subdivision." Although state officers, for the purpose of R.S. 14:1441, these individuals are not state employees.
Martinez v. Reynolds, 398 So.2d 156 (La.App. 3rd Cir. 1981) applied R.S. 42:1441 to eliminate a cause of action in tort against the State but not the sheriff for the acts of the deputy. The Third Circuit ruled that the deputy sheriff was an employee of both the sheriff and the State.398 So.2d at 160.
The Louisiana Supreme Court decision in Jenkins v. Jefferson ParishSheriff's Office, 402 So.2d 669 (La. 1981) validated the departure ofMartinez from the rule established by the prior jurisprudence. Jenkins
pretermitted the fact that a sheriff is a state officer and found that the legislative intent of R.S. 42:1441 was that the real employer of the deputy sheriff be responsible for his torts by vicarious liability. The Court concluded: "The reality of the situation is that there does exist an employment relationship between a sheriff and his deputies."402 So.2d at 671. The implied holding of Jenkins was that, for purposes of tort liability, the rule of the long line of jurisprudence from Reynolds toFoster and their progeny that all public officers whose offices are created by the Constitution or acts of the legislature are employees of the State was legislatively overruled by R.S. 42:1441, at least with regard to the public officials specified therein.
Diaz v. Allstate Ins. Co., 433 So.2d 699 (La. 1983), although decided under another statute, contradicted the rationale of Jenkins. Diaz
involved a claim for damages caused by the negligence of an employee of the district attorney while operating a motor vehicle in the course and scope of his official duties and employment. The Supreme Court pretermitted application of R.S. 42:1441 to bar the State's vicarious liability to the victim, and instead found a liability by the State tothe employee to indemnify him for all damages under LSA-R.S. 13:5108.2. Regardless of whether the victim could recover damages directly against the State, she could recover them indirectly through the statute authorizing indemnification for all state officials, officers oremployees.
An employee of the district attorney, Diaz held, is an employee of the State for the limited purpose of R.S. 13:5108.2, the indemnification statute. "A district attorney is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the State within the district of his office. [Citations omitted.] His office, duties, and powers are governed by the Constitution and legislature, and are not subject to local control. La. Const. Art. VI, Sec. 5(G) and 7(B). His office, therefore, is an office of state, not local government." Diaz, supra, at 701.
The legislature overruled Diaz's ruling that district attorneys and their employees were state employees by 1984 La. Acts No. 923, which amended R.S. 13:5108.2. As amended, the "parish officials" listed in La. Const. Art. VI, Sec. 5(G) and 7(B) were declared by Sec. 5108.2A to not
be officials, officers and employees of the State. Those "parish officials" named by the Constitution in its local government article are the district attorney, sheriff, assessors, clerk of court and coroner. Hence both the Constitution and statute designate this class of constitutional officers as "parish officials." The statute provides that for purposes of indemnification, as had R.S. 42:1441 for the purpose of vicarious liability, that an assistant district attorney is not a state official, officer or employee.
A third area of law where the "parish officials" specified by La. Const. Art. VI, Sec. 5(g) and 7(B) had been judicially declared state employees, and then legislatively overruled, is workers' compensation. InKahl v. Baudoin, 449 So.2d 1334 (La. 1984), the Supreme Court held that the state is a co-employer of sheriff's deputies by reason of its provision of supplemental pay to deputies. Kahl was legislatively overruled by paragraph D of LSA-R.S. 23:1034 which reads, in pertinent part:
 The fact that the state may grant to an employee of a political subdivision any additional or supplemental pay or otherwise provide funds for the payment of such employee's salary shall not make such employee, in whole or in part or in any way, an employee of the state.
In Parker v. Cappel, 500 So.2d 771 (La. 1987) the Supreme Court recognized the superceding effect of the legislation and ruled that the State was not a co-employer of deputy sheriffs.
The employment status of those constitutional officers whose jurisdiction is subject to parochial geographic limits has been transmuted by the developments in Louisiana law since the Foster
decision. Without an express definition of their employment status, the legislature has, in the enactment of public policy governing the rights, duties and immunities incidental and integral to the employment status of the public officials named in La. Const. Art. VI, Sec. 5(G) and 7(B), and their appointees and employees, declared its intent that[this class of public officials and their employees should be considered as employees of their respective parishes, although they may exercise powers and authority delegated by the State, either directly by the Constitution or through statutory authority.
R.S. 42:1442, upon which the original opinion herein relied, is part of Chapter 23 of Title 42 of the Revised Statutes. R.S. 42:1441, which nullified the employer/employee vicarious liability of the State for the class of constitutional officers who function at the parochial level, is also part of Chapter 23.
In 1985 the legislature made an even more compelling statement of legislative intent and policy as to the shift in governmental responsibility for this class of public officials from the state to the local level. 1985 La. Acts No. 451, Sec. 1 enacted LSA-R.S.42:1441.1-1441.4 as part of Chapter 23 of Title 42. These articles are bracketed at the beginning of Chapter 23 by Sec. 1441 and at the end by Sec. 1442, upon which this opinion is based.
R.S. 14:1441.1 exempts the State from the liability of La.Civ. Code Art. 2320 and the doctrine of respondeat superior for the torts of any person not expressly specified by R.S. 13:5108.2 (A) to be a state officer, official or employee. As previously noted, the Diaz case was legislatively overruled by 1984 La. Acts No. 923, which excluded from the entitlement to civil indemnification the class of parish-level officials specified in Art. VI, Sec. 5(G) and 7(B) of the 1974 Constitution. The 1984 Act eliminated the right of assistant district attorneys, deputy sheriffs, deputy clerks, etc., to civil indemnification; the 1985 enactment of Sec. 1441.1 clarifies the elimination of state liability for these officers effected by Sec. 1441 by providing that they are notstate employees for the purpose of the master-servant liability of Civil Code Art. 2320.
R.S. 14:1441.1 designates the public officials for whom master-servant vicarious liability is removed negatively, by stating the public officers for whom the State is not responsible to be those officials not specified by R.S. 13:5108.2 as a state officer, official or employee. R.S. 14:1442.2 provides legislative emphasis upon this intent, declaring the same rule but positively. R.S. 14:1442.2 provides that there is not vicarious liability by the State for the tortious acts of those public officials "named in and designated as parish officials by Article VI, Sections 5(G) and 7(B) of the Constitution or any of their officers, deputies, assistants, employees, appointees, or representatives."
Whereas these two sections establish an exemption from master-servant liability for the State, R.S. 42:1441.3 provides substantive criteria for determining the identity of the master-servant relationship in order to establish the existence of liability. Sec. 1441.3(A) provides that the master of an elected or appointed public officer, official or employee is the political subdivision of which such individual is a public officer,official or employee.
Art. VI of the Louisiana Constitution twice designates the district attorney, assessor, sheriff, coroner and clerk of court as "parish officials."
R.S. 42:1441.3 (B) sets out criteria for determining which political subdivision is master, not only for tort liability, but for "other lawsimposing such master-servant liability." These criteria include:
 1. "The territorial jurisdiction and territorial extent of the governmental body politic comprising the electorate who usually elects such public officer, if he is elected, or who usually elects the public officer who appoints such public officer, if he is appointed as an assistant, deputy, or other representative or designee of an elected public officer. . . . The governing authority of Rapides Parish, the police jury, and the district attorney, who appoints assistant district attorneys, share the same territorial jurisdiction and share the same body politic, the electorate of Rapides Parish.
 2. The source of funds used for the operating expenses of the office in which such public officer serves." The governing authority of Rapides Parish is mandated by law to provide operational expenses for the Rapides Parish District Attorney's office. R.S. 16:6; Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La. 1988). The Rapides Parish Police Jury further pays 40% or more of the salaries of its assistant district attorneys.
R.S. 42:1441.3 (C) provides in its entirety:
 As provided in R.S. 42:1, the term "public officer" includes anyone who holds any elective or appointive office created by constitution or law. The term is not synonymous with "state officer," as "public officer" includes not only public officers of the state but also public officers of parishes, municipalities, special districts, and other political subdivisions. While all offices created by the constitution or law are "public offices," they are not all "state offices," as they include parish offices, municipal offices, district offices and offices of political subdivision. A public officer maybe the officer of a parish, municipality, district or other political subdivision without being appointed by or under the direct control of the particular body which exercises the legislative functions of such parish, municipality district or political subdivision, in much the same manner as the public officer of the state may hold an office in the executive branch or may hold the office of a state court judgeship without being appointed by or under the direct control of the legislature." (Emphasis added.)
Though assistant district attorneys are appointed by the district attorney, they are public officers of the parish and for the purpose of "other laws imposing master-servant liability" are considered in law to be the employee of the governing authority of the parish. The district attorney is granted the authority under La. Const. Art. V, Sec. 26 to hire, fire and supervise his or her assistants, authority sufficient under a traditional La.Civ. Code Art. 2320 analysis to constitute the district attorney as the "employer," or in the civilian term, the "master." However, the legislature in enacting Chapter 23 of Title 42 has created special criteria for determining the employment status of such public officials with parochial jurisdiction. These provisions of law have overruled a century of jurisprudence and transmuted the issue of the master-servant relationship of public officers from a simple question of law to a more complex question of mixed law and fact.
If Mr. Giordano was a "public officer," his statutory employer is the political subdivision of which he was a public officer. R.S. 42:1441.3
(A). A Rapides Parish Assistant District Attorney is a public officer of Rapides Parish. R.S. 42:1441.3 (B). He or she is an officer and employee of the parish notwithstanding that an assistant district attorney is appointed by the district attorney and subject to his supervision and control. R.S. 42:1441.3 (C). These criteria apply not only to the master-servant determination necessary for the adjudication of the vicarious liability of government entities for the torts of public officers and employees, but also to "other laws imposing such master-servant liability." R.S. 42:1441 (B).
The police jury is the governing authority for Rapides Parish. LSA-R.S. 33:1236. Mr. Giordano was an employee of the parish. Therefore the police jury was the governing authority who "employed" him for the purpose of R.S. 42:1442A.
Because Sec. 1442 is included in Chapter 23 with the other cited and discussed provisions defining the employer, employee relationship between government entities and public officers and employees, the principles of Chapter 23 governing the employment relationship have general application by analogy to Sec. 1442 as well, and to the determination required by that section of the governing authority who "employs' the law enforcement officer who seeks indemnification for attorney fees.
The original opinion herein is affirmed. Should Mr. Giordano establish the two elements of Sec. 1442 not clearly stipulated by your opinion request — his good faith and that the actions at issue were in the course and scope of his employment — then in our opinion the police jury as the governing authority employing him is responsible for reimbursing him for reasonable attorney fees for hours actually worked on compensable criminal cases. The Attorney General's fee schedule may serve as a guideline for determining reasonable attorney fees.
Opinions of the Attorney General are not legally binding but only persuasive. They are compelling to the extent they speak the law with honesty and skill. Either party enjoys the right to seek a binding declaratory judgment from the district court pursuant to La.C.C.P. Art.1871 defining the rights and duties of the police jury, the district attorney, the state, and Mr. Giordano, respectively. It should be noted, however, that such a declaratory judgment might likely be extended by analogy to the relationship of the police jury to the sheriff, clerk of court, coroner, and assessor as well as the district attorney and his assistants.
A final option would be for both parties in good faith to attempt to find reasonable grounds and terms for settlement of the claim in dispute.
I merely advise you of these options without recommending any one of them on their merits.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm
OPINION NUMBER 84-121
May 17, 1984
78 — OFFICES DUAL OFFICEHOLDING
R.S. 33:103(C) specifically prohibits members of Almonaster/Michoud Industrial District Commission from concurrently holding other public offices.
Ms. Jacqueline Mae Goldberg Chairman Legal Committee Almonaster/Michoud Industrial District Commission 10555 Lake Forest Blvd., Suite 3E New Orleans, Louisiana 70127
Dear Ms. Goldberg:
Your inquiry of recent date originally directed to Attorney General William J. Guste, Jr. as well as the Commission on Ethics for Public Employees has been referred back to our office by the commission for a response to the dual officeholding question in your request.
Your question is as follows:
 May a commissioner of the Almonaster/Michoud Industrial District Commission concurrently serve as a member of the City Planning Commission of the City of New Orleans.
Among the legal authorities cited you referred to R.S. 33:103 (C) which specifically prohibits a member of a planning commission from holding any other public office. The one exception made would permit concurrent service on a regional commission, It does not appear that the Almonaster/Michoud Industrial District Commission would fit that exception.
If you have any further questions regarding this matter please contact our office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 HARRY H. HOWARD ASSISTANT ATTORNEY GENERAL
HHH:vls
OPINION NUMBER 97-84
APRIL 2, 1997
78 DUAL OFFICEHOLDING LSA-R.S. 42:62(1)
No prohibition under statutory law exists denying an individual from holding the elective office of alderman while simultaneously serving as member of the town's board of adjustment; however, separate statutory provisions applicable to the zoning commission prohibiting such an arrangement are controlling as the latest expression of legislative will.
Honorable Sam Pigno Mayor P.O. Box 249 Tickfaw, LA 70466
Dear Mayor Pigno:
A prohibition under statutory law exists denying an individual from holding the elective office of alderman while simultaneously serving as member of the town zoning commission. LSA-R.S. 33:103(C) provides:
Sec. 103. Planning commission; Membership; appointment
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part. (Emphasis added).
A planning commission is statutorily defined as the following:
Sec. 101. Definitions
 For the purpose of this Subpart, the following terms are defined as follows:
 (1) "Planning commission" means an official planning commission appointed in accordance with the provisions of this Subpart. It shall denote either a parish planning commission, or a municipal planning commission, as the case may be. The term "parish or municipality as the case may be", when appropriate to the context, relates to the respective jurisdictions or functions of a parish planning commission with regard to the parish for which it is established and of a municipal planning commission with regard to the municipality for which it is established; or, when appropriate to the context, relates to the rights and remedies which the respective parish or municipality may exercise to enforce the provisions of this Subpart.
In contrast, the law specifically allows an alderman to hold membership on the board of adjustment per the language of LSA-R.S. 42:64(1), providing:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided by constitutional authority in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway, and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent. (Emphasis added).
Despite the fact that LSA-R.S. 42:64(1) ostensibly would cover the town zoning commission, in actuality it is inapplicable. LSA-R.S. 33:103(C) is controlling as to the zoning commission because it is the latest expression of legislative will.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 85-290
April 22, 1985
78 — OFFICERS DUAL OFFICEHOLDING
Member parish planning commission may not serve on Louisiana State Mineral Board R.S. 33:103.
R.S. 33:103
Hon. Terry J. Manuel Assistant District Attorney Fourteenth Judicial District 1020 Ryan Street Lake Charles, Louisiana 70602
Dear Mr. Manuel:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
Your question is as follows:
 May a member of parish planning commission also serve at the same time as a member of the Louisiana State Mineral Board
Pretermitting any consideration of the Louisiana Dual Officeholding and Dual Employment Law the answer to your question is found in R.S. 33:103
governing the membership of parish planning commissions as follows:
R.S. 33:103
* * *
 C. All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation and shall hold no other public office. . . .
The Louisiana State Mineral Board is a state agency and as such, membership on the board constitutes a public office.
Therefore, it is the opinion of our office that because of the provisions of R.S. 33:103 a member of a parish planning commission may not concurrently serve as a member of the Louisiana State Mineral Board.
If you have any further questions regarding this matter please contact our office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 HARRY H. HOWARD Assistant Attorney General
HHH: vls