Dear Chief Boudreaux:
This office is in receipt of your recent opinion request regarding amending the Terrebonne Parish Home Rule Charter to allow the Houma Police Department to have parish-wide jurisdiction in unincorporated areas. After further discussion with you, we are also in receipt of your proposed amendments to allow for such jurisdiction.
An opinion was issued by this office in 1988 dealing with police authority outside a municipality. Op. Atty. Gen. 88-116. A copy of the opinion is attached. It opined that police departments of municipalities and parish sheriff's offices may enter into agreements to give the municipal police officers authority outside their jurisdiction pursuant to La R.S. 40:1379.1 or 33:1435.1.
The aforementioned opinion provides a method to grant parish-wide authority to municipal police officers. As an answer to your first question, such authority must be achieved through a signed contract, even when a consolidated form of government exists.
Louisiana Constitution Article VI Section 5(G) provides, "No home rule charter or plan of government shall contain any provision affecting a school board or the offices of district attorney, sheriff, assessor, clerk of a district court, or coroner, which is inconsistent with this constitution or law." In Diaz v. Allstate Insurance Co., 433 So. 2d 699, the Louisiana Supreme Court said, "a district attorney is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the state within the district of his office. La. Const. Art. V § 26 . . . His office, duties, and powers are governed by the constitution and the legislature, and are not subject to local control."
Louisiana's Constitution gives sheriffs in this state the title and power of chief law enforcement officer in the parish (La. Const. Art. V
Sec. 27). Any proposed amendment to the home rule may not improperly impose on the powers granted to the sheriff by the Constitution and laws of this state. Therefore, it is the opinion of this office that such an amendment to the charter providing parish- wide jurisdiction for municipal police affairs would adversely affect the powers of the sheriff and would be prohibited.
I trust that this adequately responds to your request. If you have any questions and/or additional information becomes necessary, please advise.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./mq
 OPINION NO. 88-116
March, 1988.
LAW OFFICERS..................60 A municipal police officer's police power is limited to the territorial jurisdiction in which he is employed. A municipal police officer should be commissioned under R.S. 40:1379.1
or R.S. 33: 1435.1 in order to have police power outside of his territorial jurisdiction.
Ms. Elaine W. Guillot City Attorney Slidell, Louisiana
WILLIAM J. GUSTE, JR., ATTORNEY GENERAL
Dear Mr. Guillot:
Your request for an opinion from this office has been forwarded to the undersigned for research and reply. Your questions, as I understand them, are as follows:
 1. Is a municipal police officer's police power limited to the jurisdiction in which he is employed?
 2. Does a municipal police officer have police power outside the jurisdiction in which he is employed if his assistance is requested by another agency?
Though no express legislation exists, it is a generally accepted axiom that a police officer's police power is limited to the jurisdiction in which he is employed. Support for this assertion is found in legislative enactments that mention or refer to a police officer's jurisdiction. These enactments are:
 Code of Criminal Procedure Article 204
 "The warrant shall be directed to all peace officers in the state. It shall be executed only by a peace officer, and may be executed in any parish by any peace officer having authority in the terretorial jurisdiction where the person arrested is found, or by any peace officer having authority in one territorial jurisdiction in this state who enters another jurisdiction in close pursuit of the person arrested. (Emphasis added)
 Code of Criminal Procedure Article 213
 "A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest. (Emphasis added).
 Louisiana Revised Statute 32:5
 "All law enforcement officers of this state or of any political subdivision thereof invested by law with authority to direct, control, or regulate traffic are authorized to enforce the provisions of this Chapter and regulations of the department . . . within their respective territorial jurisdictions." (Emphasis added).
These provisions clearly recognize through implication that police officers' powers are limited to certain territorial jurisdictions. Code of Criminal Procedure Article 204 states that warrants can be executed only by peace officers having authority to execute a warrant in the territorial jurisdiction where the person arrested is found. Revised Statute 32:5 also recognizes that a peace officer's police power is limited by providing that police officers are authorized to regulate the traffic laws of the state only within their respective territorial jurisdictions.
The territorial limits of a police officer's power are the territorial limits of the governing authority for whom he is employed. A municipal police officer's jurisdiction is limited to the territorial limits of the municipality where he is employed. A deputy's jurisdiction is limited to the territorial limits of the parish where he is employed.
In response to the first question, a municipal police officer's authority is limited to the jurisdiction in which he is employed, that jurisdiction generally constituting the territorial limits of the municipality that employes the officer.
The legislature has provided certain narrow exceptions to the general rule that a police officer's power is limited to his jurisdiction. Code of Criminal Procedure Article 204 allows a peace officer having authority in one territorial jursidiction in this state to execute a warrant if the officer is in close pursuit of the person arrested. Code of Criminal Procedure Article 213 also provides a limited exception by allowing a peace officer in close pursuit of a person to be arrested to enter another jurisdiction in this state and make the arrest. Outside of these narrow exceptions and that of R.S. 14:329.6 (proclamation of state of emergency) municipal police officers do not have legislatively sanctioned police power outside of their territorial jurisdiction. The essence of the second question, therefore, is whether another exception to the general rule does exist that would allow municipal police officers to have full police power outside their territorial jursidiction when their assistance is requested by another agency.
The difficulty of this question is created by the competing interests that are raised. On the one hand, there is the general rule of limiting police officers' powers to their territorial jurisdiction. One practical reason for enforcing this rule is that efficient police protection is best served by limiting an officer's power to his territorial jurisdiction. Another reason is insurance and the fact that coverage may not be provided in cases of negligence arising outside of an officer's jurisdiction. These are just two of many reasons supporting the rule that a police officer's power is limited to his territorial jurisdiction.
Balanced against this general rule is the special position that police officers maintain in society and the inherent responsibilities and obligations the profession possesses.
Despite these competing interests, the fact remains that the legislature has carved out very limited exceptions to the general rule that an officer's power is limited to his territorial jurisdiction. These exceptions do not include an officer having full police power while rendering requested assistance outside of his territorial jurisdiction.
Since the legislature has not provided for this exception, it can be concluded that a police officer would not have full police power outside of his jurisdiction when assisting another agency outside of his territorial jurisdiction.
The legislature has not left police departments without any recourse in this area. The legislature has granted to certain agencies the power to issue commissions to certain persons, thus vesting those persons with police power outside of their territorial jurisdiction. The Statutes granting this power are:
 R.S. 40:1379.1
 A. The superintendent of state police shall be authorized to issue at his discretion a special officer's commission from the division of state police. Any person who receives a special officer's commission must display need for statewide police power and power to arrest, be bonded, and adhere to all restrictive stipulations as set forth in the special officers' commission.
 B. The special officer, when performing those tasks requiring a special officer's commission, shall have the same powers and duties as a peace officer; provided, however, that when not performing these tasks directly related to the special officer's commission, he shall be regarded as a private citizen and his commission shall not be in effect.
 C. The superintendent of state police shall determine who is entitled to receive a special officer's commission and may promulgate and adopt regulations providing with respect to the issuance and use of said permits.
 R.S. 33:1435.1
 A. Notwithstanding any other provision of law to the contrary, the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parishwide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate. Application for such commission shall be made only by the chief law enforcement officer of a municipality or other political subdivision. A sheriff's commission may empower a local or municipal law enforcement officer to enforce any state law throughout the parish or may be limited in such manner as the sheriff shall determine. Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state or local laws or perform only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun.
These provisions allow the state police and the sheriff of each parish to issue commissions to police officers which vest in those officers police power within the territorial jurisdiction of the agency issuing these commissions. These commissions can extend full police power to the commissioned officer, or be limited as the issuing agency sees fit.
What these statutes do is allow an agency to vest in police officers the power to act within that issuing agencies' jurisdiction in order to fulfill certain law enforcement needs. In situations where adequate law enforcement can be maintained only when police officers are needed outside of their territorial jurisdictions, these statutes allow those officers to have prior approval to act within whatever limits the commission sets forth. This type of prior approval by special commission also eliminates any doubt as to what authority the commissioned officers possess outside of their territorial jurisdiction.
If adequate law enforcement needs dictate that certain police officers are required to act outside of their territorial jurisdiction, those officers should seek special commissions from the appropriate law enforcement agencies within the guidelines as set forth in R.S.40:1379.1 and R.S. 33:1435.1.
Accordingly, it is the opinion of this office that a municipal police officer's police power is limited to the jurisdiction in which he is employed. A municipal police officer should be commissioned under R.S.40:1379.1 or R.S. 33:1435.1 in order to have police power outside of his territorial jurisdiction.
I hope the foregong has adequately answered your question. If you need further assistance on this or any other matter, please do not hesitate to contact this office again.
With kind regards, I am
 Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 RENE' SALOMON Assistant Attorney General
RS/ad/lm